## FREDERIC TUDOR *vs.* CAMBRIDGE WATER WORKS.

A bill in equity which alleges that the plaintiff is the owner of the right to take ice from a certain portion of a "great pond," within the meaning of the Colonial Ordinance of 1641 respecting such ponds, and of a fishing right therein, and of the outlet thereof, is, on demurrer, a sufficient statement of the plaintiff's title to equitable relief against an unauthorized injury to these rights, and a diversion of water from the outlet.

BILL IN EQUITY, setting forth that in Cambridge, Watertown and West Cambridge a pond is situated, called Fresh Pond, containing about one hundred and eighty three acres; that there is a natural outlet from said pond to Mystic River; that the plaintiff is the owner of about forty eight acres of land lying under said pond, and of the shore adjoining, and of the outlet and of the land under and on both sides of the same; that he and those under whom he claims have for more than forty years taken ice from the surface of that portion of the pond now belonging to him, as an article of merchandise, and that the right to take ice there is of great value; that he has expended large sums of money in the erection of buildings and machinery for this purpose; that he is the owner of a fishing right at the said outlet, which is also of great value; that the *St.* of 1852, *c.* 255, by which the defendants were incorporated, gave them no power to take water from said pond to the injury of the plaintiff; that the *St.* of 1856, *c.* 290, authorized them to take water from said pond for the purpose of furnishing the inhabitants of Cambridge with a supply of soft water, provided that they should not at any time draw the water below low-water mark; and contained a provision for the appointment of a commissioner, on application of the defendants, or of any party in interest, to erect a monument showing the point below which the water of said pond should not be made to fall; and further authorized the defendants to take, hold and convey land, water and water rights, under the limitations and for the purposes therein expressed; provided, however, that before entering upon the land and water rights, or taking any water of any person or corpora-

tion, they should file their petition to this court praying for the appointment of commissioners to assess the damages, if any; that such commissioners have not been appointed, nor have the defendants filed such petition, but they have entered upon the water rights of the plaintiff, and have taken and drawn off water from his land, and diverted the water from the outlet, by means whereof his right to take ice and his fish right are injured.

The defendants filed a general demurrer.

*N. St. J. Green*, (*B. F. Butler* with him,) for the plaintiff.

*J. G. Abbott*, for the defendants. There is no averment that the water has ever been drawn below the low-water mark, and the right granted to the defendants to appropriate the water to that extent is independent of private rights. The legislature had the right to provide that the defendants might take water from the pond for the purpose specified, without payment of damages. It is a " great pond "; and by the Colonial Ordinance of 1641, Ancient Charters, 148, 149, such ponds shall not be appropriated to any particular person. They remain, therefore, the property of the Commonwealth.

The bill is bad for want of certainty in the allegations of the plaintiff's rights, and of the wrongful act of the defendants.

BY THE COURT.* The bill states a case within the chancery jurisdiction of this court, and with sufficient certainty to require the defendants to answer its averments. The injury to the water rights of the plaintiff in the pond, and to the fish right in the outlet, as alleged in the bill, constitutes a nuisance, and entitles him to relief in equity. If he is the owner of such rights as he avers, then the defendants have no authority to take them without suitable compensation; nor can the legislature give to the defendants any power to appropriate them without affording a remedy to the plaintiff, by which he can recover the value of his property, which has been thus taken for a public use. We cannot assume that the defendants have not infringed on the private property and rights of the plaintiff, nor that he

* HOAR, J., did not sit in this case.

has no such title or right as is averred in the bill. These are admitted by the demurrer.

When the nature of the plaintiff's title is developed on a hearing of the merits, and the facts are shown concerning the extent of the right and authority exercised by the defendants under their acts of incorporation, we shall be able to determine definitively on the respective rights of the parties. They cannot be adjudicated upon this demurrer. *Demurrer overruled.*